UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES M. KAMARA, | ) | |
| | ) | C.A. No. 04-705 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FUNDING, LLC, a Limited Liability | ) | |
| Company of the State of New York, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MICHAEL FUNDING, LLC'S FIRST SET OF INTERROGATORIES
DIRECTED TO PLAINTIFF JAMES M. KAMARA**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and subject to the

Definitions and Instructions set forth below, Defendant Michael Funding, LLC, ("Defendant"),

by its undersigned counsel, hereby demands that plaintiff, James M. Kamara ("Kamara") answer

the following interrogatories on or before September 12, 2005, and that Kamara supplement his

answers if any further information is acquired, up to the date of trial.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document." The term "document" shall be given its broadest messages, discs,

print-outs and all other equivalent data compilations from which information can be obtained.

2.      "Loan." The term "loan" means the commercial loan from Michael Funding,

LLC to J.M. Kamara Management Co., Inc. dated October 16, 1998.

3.      "Identify," "Identifying" or "Identification."

        a.      When used in reference to a natural person the terms "identify,"

"identifying" or "identification" mean the person's: (i) full name; (ii) present or last known

business and residence address and telephone number; (iii) present or last known business affiliation; and (iv) present or last known business position.

b.      When used in reference to any entity other than a natural person the terms "identify," "identifying" or "identification" mean provide the following information: (i) its full name; and (ii) the address of its principal place of business.

c.      When used in reference to a document, the terms "identify," "identifying" or "identification" mean provide the following information: (i) the nature of the document (e.g., letter, contract, memorandum) and any other information (e.g., its tide and Bates, index or other file number) which would facilitate the identification thereof; (ii) its date of preparation; (iii) its present location and the identity (as defined in paragraph 2(a), supra) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and its disposition; (iv) its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers to these interrogatories; (v) the identity (as defined in paragraph 2(a), supra) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vi) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined in paragraph 2(a), supra) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.  With respect to documents obtained by you in discovery in this litigation and/ or reports filed with the Court, you need provide only the information set forth in paragraph (i) above.

4.      Answer by Reference to Documents.  If any interrogatory is answered by reference to a document or group of documents, with respect to each such interrogatory answer, identify (as defined in paragraph 2(c), supra) the specific document or documents containing the requested information; in thee case of multi-page documents (e.g., transcripts of depositions, answers to interrogatories, other voluminous materials), the subject matter, dates and page numbers should be specified.

5.      Construction.

a.      The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter genders; the neuter gender includes the masculine and feminine genders.

b.      "And" means and/or; "or" means and/or.

c.      "Any" mans any and all; "all" means any and all.

d.      "Each"  Whenever any interrogatory calls for information with respect to "each" one of a particular type of matter, event, person or entity, of which there is more than one separate list, set forth or identify for each thereof all of the information called for.

6.      Claims of Privilege.  If any matter responsive to any of the interrogatories is withheld based on any claim of privilege, including work-product, describe generally the matter withheld and the date of the matter, state the ground being relied upon and identify (as defined in paragraphs 2(a) and (c), supra) all persons and entities who have or have had access to such matter. Additionally, identify (as defined in paragraph 2(a), supra) the person who prepared or authorized the document, the persons to whom the document was sent or shown, the date on which the document was prepared or transmitted, the subject matter of the document, the nature of the document (e.g. memorandum, notes) and the privilege claimed.

7.    Continuing Nature.  These interrogatories are intended and shall be deemed to be continuing.  If you are unable to answer any interrogatory fully at this time, answer it to the best of your ability.  If you should subsequently acquire any further information called for by any of these interrogatories, that information is to be provided as required by Rule 26(e) of the Federal Rules of Civil Procedure.

8.    "You," "your," or "yourself"  shall mean Plaintiff, James M. Kamara, and all other persons or entities purporting to act on its behalf including its employees, agents, members, attorneys and/or all other representatives.

9.    All other terms shall be given their usual and regular dictionary meaning; for example, the term "concerning" shall be given its usual and regular meaning which means to pertain or relate to, to have an effect on, or to be of interest or importance to any matter relating to the dispute between the parties.

## INTERROGATORIES

### INTERROGATORY NO. 1

State all facts supporting your allegation that the Loan violates federal banking laws governing the rate of interest on loans, discounts and purchases in 12 U.S.C. § 85.

**RESPONSE:**



### INTERROGATORY NO. 2

State all facts supporting your allegation that the Loan violates 12 U.S.C. § 2610.

**RESPONSE:**

## INTERROGATORY NO. 3

State all facts supporting your allegation that the Loan exceeds the permissible interest rate.

**RESPONSE:**

## INTERROGATORY NO. 4

State all facts supporting your allegation that the Loan has inflated acceleration fees that violate federal law.

**RESPONSE:**

**PARKOWSKI, GUERKE & SWAYZE, P.A.**

_____

MICHAEL W. ARRINGTON, ESQUIRE (#3603)
800 King Street, Suite 203
Wilmington, DE  19801
(302) 654-3300
*Attorneys for Defendant*

DATED: August 9, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| JAMES M. KAMARA, | ) | |
| | ) | C.A. No. 04-705 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FUNDING, LLC, a Limited Liability | ) | |
| Company of the State of New York, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, MICHAEL W. ARRINGTON, HEREBY CERTIFY that on this 10th day of August,

A.D., 2005, a true and correct copy of the Defendant's First Set of Interrogatories directed to

Plaintiff was served upon the opposing party by the following means:

**First Class Mail, Postage Prepaid**
James M. Kamara
164 S. Main Street
Smyrna, DE  19977

PARKOWSKI, GUERKE & SWAYZE, P.A.

By:    Michael W. Arrington, Esquire (#3603)
       800 King Street, Suite 203
       Wilmington, DE  19801
       (302) 654-3300
       *Attorneys for Defendant*