THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**JAMES M. KAMARA**

PLAINTIFF,

C.A. No. 04-705JJF

V.

**MICHAEL FUNDING, LLC, A LIMITED LIABILITY COMPANY OF THE STATE OF NEW YORK,**

DEFENDANT

## RESPONSE TO DEFENDANT'S INTERROGATORIES

In order to respond to your interrogatories, I am recommending pre-discovery disclosures as is required by Fed. R. Civ. P. 26 (a) (1) and D. Del. LR 16.2.

It is my right to have all the documents relating the transaction of the property located at 164 S. Main Street, Smyrna DE 19977. After the settlement in October 16, 1998, Michael Funding promised to send me a copy of all the documents. Since then, I have not received a single document beside the settlement sheet. This is in violation federal laws.

Mr. Arrington I am sure you have access to these documents, please forward them to me as soon as possible. Your client is violating federal laws by withholding them from me.

I am requesting all those documents. In order to defend myself, Enclosed you will find my request.

Your kind consideration will be appreciated.

JAMES M. KAMARA
P.O. BOX 448, SMYRNA DE 19977
302-632-6920

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

JAMES M. KAMARA

           Plaintiff,

                                              C.A. No. 04-705JJF

V.

MICHAEL FUNDING, LLC, a Limited Liability
Company of the State of New York,

           Defendant

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### INSTRUCTIONS

You are instructed to produce the originals of the following documents at P.O, Box 448, Smyrna DE 19977 within 30 days after service of this request.

    A. Please identify the source of each of the documents you produce and label them to correspond to the categories in this request.

    B. If there are documents not currently in your possession, but which you can obtain from [other parties involved in the transaction, e.g. a loan broker, prior holder, or assignee] such additional documents are included in this request.

    C. If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

  D. If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category.

  E. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

  (1) Its date;

  (2) The identity of the person(s) who prepared the document;

  (3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;

  (4) The length of the document;

  (5) The subject matter of the document;

  (6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document;

  (7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

  F. If you are declining to produce any document in whole or in part because of a claim of privilege, please: (a) identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed;

and (d) state the basis upon which the privilege is claimed.

   G.  When a document exists as a computer database or spreadsheet file, Plaintiff requests that the file be copied to a disk in one of the following formats in descending order.

   H.  When a document exists in a computer disk as a word processing file, Plaintiff requests that the file be copied to a floppy disk in one of the following formats in descending order.

   I.  The Document Requests are to be considered continuing and supplemental documents must be submitted by Defendant upon discovering or becoming aware of additional responsive documents.

   J.  If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

### DEFINITIONS

   A.  "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, digitized, Photostatted, photographic, computerized, recorded, or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  It includes the original and any nonidentical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, and includes every document that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, whether originals or copies.  It includes but is not limited to contracts, notes, memoranda, correspondence, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, account statements, reports, studies, checks, receipts, bills, returns, charts, summaries, pamphlets, books, notations of any sort of conversations, written agreements, bulletins, printed matter, computer printouts, electronic mail, data compilations from which information can be obtained, teletypes, telefax,

worksheets, logs, forms, bank statements, books of account, ledgers, or invoices, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including but not limited to tapes, cassettes, discs, recordings, computer memories, and other information that is recorded electronically, digitally, or by similar means.

B. The term "person" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

C. The term "transaction," when used without qualification, means the transaction consummated by the Plaintiff from 1996 to present.

**REQUESTS TO PRODUCE**

IMPORTANT: All questions containing the terms "document," "person," or "transaction" must be answered in accordance with the definitions of those terms contained in the attached instructions.

**REQUESTS FOR PRODUCTION**

1. All contracts, including modifications thereto, to which Plaintiff is a party, including any and all, broker agreements.

2. All documents relating or referring to Plaintiff, or which are indexed, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

3. All disclosure statements given to Plaintiff and any other notices of Plaintiff's rights.

4. All credit applications from Plaintiff or relating or referring to Plaintiff's credit application.

5. You're complete file as to this transaction and Plaintiff's account, including the outside and inside of the front and back of your file folder for this credit transaction.

6. All ledger cards or ledger sheets or other documents reflecting payments, credits, late charges, other charges, and rebates posted to Plaintiff's account.

7. Copies of all payments received from Plaintiff.

8. All correspondence, telephone logs sheets or other internal memoranda or notes concerning Plaintiff's account, or relating or referring to the account.

9. All correspondence, and all documents relating or referring to any correspondence,

10. All documents relating or referring to any fees, commissions or payments you received in connection with the loan transactions, including sale of insurance, from anyone other than Plaintiff.

11. All documents reflecting, or relating or referring to, commissions and/or bonuses paid to any person in connection with this loan transaction, including sale of insurance.

12. Copies of both sides of the (i) bills and (ii) checks, wire transfers or other payment instruments for each disbursement in relation to the transaction, issued by anyone in connection with this transaction, including all compensation paid to brokers whether as part of closing or outside closing.

13. All appraisal requests, appraisals of the property, invoices for appraisals, and proofs of payment for appraisals, and all documents relating or referring to any such appraisal.

14. Proof of payment to credit reporting services related to Plaintiff's closing.

15. If the current obligation resulted from a refinancing of an earlier obligation, all documents that relate or refer to the earlier obligation, including but not limited to: (a) the contract; (b) all disclosure statements; (c) the ledger sheet or other record, showing all payments, credits, late charges, other charges, and rebates; (d) documentation of the date, amount, and calculation of any rebates of finance charges, credit

insurance, or other charges; (e) the mortgage or security agreement, if any; (f) all correspondence; (g) the calculation of the payoff amount.

    16. All documents that show, relate, or refer to the assignment or negotiation of the note, including any agreements between the assignor and assignee relating to the assignment of obligations. If there has been more than one assignment, please produce these documents for each assignment.

    17. All documents that show, relate, or refer to the assignment of the mortgage, including any agreements between the assignor and assignee relating to the assignment of obligations. If there has been more than one assignment, please produce these documents for each assignment.

    18. Each and every document that was transmitted to [the assignee] by [the assignor] in connection with the negotiation or assignment of the note or mortgage.

    19. All documents which constitute or reflect communications between you and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column) relating to transactions since 1996 to present.

    20. Any administrative complaint or other documents showing, relating to, or referring to enforcement proceedings instituted against you or any other holder, assignee, or originator of this obligation from [date] to [date] regarding TILA.

    21. All agreements, solicitations, correspondence or other documents relating or referring the purchase of loans by [Assignee] from [Original Creditor or prior assignee], including loan purchase master agreements, solicitations, correspondence or other documents.

    22. All documents that concern, refer, or relate to any instructions or policies to [Original Creditor's or broker's] agents or employees concerning its brokering of [type of obligation, e.g. residential mortgages].

23. All contracts between you and any of the other Defendants or [settlement service provider] in this action.

24. All documents that relate or refer to any relationship, affiliation, or course of conduct between you and any of the other Defendants or [settlement service provider] in this action.

25. All documents that discuss or refer to your procedures for ensuring compliance and actual compliance or lack of compliance with the requirements of the Truth in Lending Act, including but not limited to documents that were used to check for compliance from [date] through [date].

26. All manuals, memoranda, instructions, and other documents setting forth your policies, procedures or practices relating to [loan origination or purchase] of [type of obligation, e.g. residential mortgages].

27. The underwriting guidelines and rate sheets that were in effect at the time of the loan transaction at issue in this case, and any written material, including definitions, memoranda, directives or other documents that explain, illustrate, apply, elucidate or pertain to those underwriting guidelines, including the rate sheet that was used to determine the interest rate Plaintiff would pay in this transaction or the "par" rate.

28. If a third-party investor holds any interest in the obligation underlying this action, or if this obligation has been or is part of a pool of obligations that have been securitized, all prospectuses, pooling and servicing agreements or reports concerning that loan pool, including documents which describe the investment and those that describe the performance of the loans in such pool, and all documents relating or referring to same.

29. Your most current annual report.

30. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

    31. All documents setting forth your document destruction and retention policies, and all documents that relate or refer to same.

    32. Any return of certified or registered mail indicating Plaintiff's receipt of any documents or letters whatsoever.

    33. All documents given by Defendant routinely to all persons to whom it extends credit.

    34. All documents you may introduce into evidence in this case.

    35. All other documents relating or referring to the transaction or Plaintiff's account with you.

    36. All documents referred to in the interrogatories and in the answers thereto and not previously produced.

James M. Kamara<br>
P.O. Box 448, Smyrna DE 19977<br>
302-632-6920

Dated: December 19, 2005

THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**JAMES M. KAMARA**

PLAINTIFF,

V.

C.A. No. 04-705JJF

**MICHAEL FUNDING, LLC, A LIMITED LIABILITY COMPANY OF THE STATE OF NEW YORK,**

DEFENDANT

I, James M. Kamara, hereby certify that on the 19th day of December 2005. A true copy was served upon the defendant by the following means:

Prepaid postage

Michael W. Arrington, Esquire
800 King Street, Suite 203
Wilmington, DE 19801

JAMES M. KAMARA
P.O. BOX 448, SMYRNA DE 19977
302-632-6920

THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JAMES M.KAMARA

    Plaintiff,

    V.                                      C.A. No.04-705JJF

MICHAEL FUNDING, LLC, a Limited Liability
Company of the State of New York,

    Defendant

I, James M. Kamara, hereby certify that on the 13th day of February 2006. A true copy was served upon the defendant by the following means:

Prepaid postage

Michael W. Arrington, Esquire
800 King Street, Suite 203
Wilmington, DE 19801

JAMES M.KAMARA
P.O.BOX 448,
SMYRNA DE 19977
302-632-6920