UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES M. KAMARA, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 04-705 JJF |
| | ) |
| v. | ) |
| | ) |
| MICHAEL FUNDING, LLC, a Limited Liability Company of the State of New York, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Defendant, Michael Funding, LLC, and responds to Plaintiff's request for Production of Documents as follows:

1. All contracts, including modifications thereto, to which Plaintiff is a party, including any and all, [sic] broker agreements.

RESPONSE: None

2. All documents relating or referring to Plaintiff, or which are indexed, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as account number or Social Security number) assigned to Plaintiff.

RESPONSE: All documents responsive to this request were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

3. All disclosure statements given to Plaintiff and any other notice of Plaintiff's rights.

RESPONSE: Plaintiff was not the borrower under the loan. All documents bearing Plaintiff's signature on behalf of the borrower were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

4. All credit applications from Plaintiff or relating or referring to Plaintiff's account, including the outside and inside of the front and back of your file folder for this credit transaction.

RESPONSE: Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

5. You're [sic] complete file as to this transaction and Plaintiff's account, including the outside and inside of the front and back of your file folder for this credit transaction.

RESPONSE: Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

6. All ledger cards or ledger sheets or other documents reflecting payments, credits, late charges, other charges, and rebates posted to Plaintiff's account.

RESPONSE: Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

      7.      Copies of all payments received from Plaintiff

RESPONSE:  None.

      8.      All correspondence, telephone logs sheets or other internal memoranda or notes concerning Plaintiff's account, or relating or referring to the account.

RESPONSE:  Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

      9.      All correspondence, and all documents relating or referring to any correspondence,

RESPONSE:  Request makes no grammatical or logical sense.

      10.      All documents relating or referring to any fees, commissioners or payments you received in connection with the loan transaction, including sale of insurance, from anyone other than Plaintiff.

RESPONSE:  Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

      11.      All documents reflecting, or relating or referring to, commissions and/or bonuses paid to any person in connection with this loan transaction, including sale of insurance.

RESPONSE:  None in Defendant's possession.

      12.      Copies of both sides of the (i) bills and (ii) checks, wire transfers or other payment instruments for each disbursement in relation to the transaction, issued by anyone in

connection with this transaction, including all compensation paid to brokers whether as part of closing or outside closing.

RESPONSE:  None in Defendant's possession.

13. All appraisal requests, appraisals of the property, invoices for appraisals, and proofs of payments for appraisals, and all documents relating or referring to any such appraisals.

RESPONSE:  None in Defendant's possession.

14. Proof of payment to credit reporting services related to Plaintiff's closing.

RESPONSE:  None in Defendant's possession.

15. If the current obligation resulted from a refinancing of an earlier obligation, all documents that relate or refer to the earlier obligation, including by not limited to: (a) the contract; (b) all disclosure statements; (c) the ledger sheet or other record, showing all payments, credits, late charges, other charges, and rebates; (d) documentation of the date, amount, and calculation of any rebates of finance charges, credit insurance, or other charges; (e) the mortgage or security agreement, if any; (f) all correspondence; (g) the calculation of the payoff amount.

RESPONSE:  Not applicable.

16. All documents that show, relate, or refer to the assignment or negotiation of the note, including any agreements between the assignor and assignee relating to the assignment of obligations.  If there has been more than one assignment, please produce these documents for each assignment.

RESPONSE: Not applicable.

17. All documents that show, relate, or refer to the assignment of the mortgage, including any agreements between the assignor and assignee relating to the assignment of obligations.  If there has been more than one assignment, please produce these documents for

each assignment.

RESPONSE: Not applicable.

18. Each and every document that was transmitted to [the assignee] (sic) by [the assignor] (sic) in connection with the negotiation or assignment of the note or mortgage.

RESPONSE: Not applicable.

19. All documents which constitute or reflect communications between you and public or private agencies that receives consumer complaints (such as Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column) relating to transactions since 1996 to present.

RESPONSE: None.

20. Any administrative complaint or other documents showing, relating to, or referring to enforcement proceedings instituted against you or any other holder, assignee, or originator of this obligation from [date] to [date] regarding TILA.

RESPONSE: Objection. Request is vague, not limited in time, overly broad, unduly burdensome, not relevant and not likely to lead to relevant information, and relates solely to a claim dismissed by the Court.

21. All agreements, solicitations, correspondence, or other documents relating or referring the purchase of loans by [Assignee] from [Original Creditor or prior assignee], including loan purchase master agreements, solicitations, correspondence or other documents.

RESPONSE: Objection. Request is vague, not limited in time, overly broad, unduly burdensome, not relevant and not likely to lead to relevant information.

22. All documents that concern, refer, or relate to any instructions or policies to [Original Creditor's or broker's] agents or employees concerning its brokering of [type of

obligation, e.g. residential mortgages].

RESPONSE: Objection. Request is vague, not limited in time, overly broad, unduly burdensome, not relevant and not likely to lead to relevant information.

23. All contracts between you and any of the other Defendants or [settlement service provider] in this action.

RESPONSE: The request makes no sense. There is only one Defendant.

24. All documents that related or refer to any relationship, affiliation, or course of conduct between you and any of the other Defendants or [settlement service provider] in this action.

RESPONSE: The request makes no sense. There is only one Defendant.

25. All documents that discuss or refer to your procedures for ensuring compliance and actual compliance or lack of compliance with the requirements of the Truth in Lending Act, including but not limited to documents that were used to check for compliance from [date] through [date].

RESPONSE: Objection. Request is vague, not limited in time, overly broad, unduly burdensome, not relevant and not likely to lead to relevant information, and relates solely to a claim dismissed by the Court.

26. All manuals, memoranda, instructions, and other documents setting forth your policies, procedures or practices relating to [loan origination or purchase] of [type of obligation, e.g. residential mortgages].

RESPONSE: Objection  Request makes no sense, and is vague, not limited in time, overly broad, unduly burdensome, not relevant and not likely to lead to relevant information.

27. The underwriting guidelines and rate sheets that were in effect at the time of the loan transaction at issue in this case, and any written material, including definitions, memoranda, directives or other documents that explain, illustrate, apply, elucidate or pertain to those underwriting guidelines, including the rate sheet that was used to determine the interest rate Plaintiff would pay in this transaction or the "par" rate.

RESPONSE: Plaintiff was not the borrower under the loan. All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

28. If a third-party investor holds any interest in the obligation underlying this action, or if this obligation has been or is part of a pool of obligations that have been securitized, all prospectuses, pooling and servicing agreements or reports concerning that loan pool, including documents which describe the investment and those that describe the performance of the loans in such pool, and all documents relating or referring to same.

RESPONSE: All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

29. Your most current annual report.

RESPONSE: Objection. Request is not relevant and not likely to lead to discoverable information.

30. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving

rights with respect thereto.

RESPONSE:  Not applicable.

31. All documents setting forth your document destruction and retention policies, and all documents that relate or refer to same.

RESPONSE:  No documents in Defendant's possession. In the event documents are discovered in the course of litigation, such documents will be available for review at the Defendant's principal place of business.

32. Any return of certified or registered mail indicating Plaintiff's receipt of any documents or letters whatsoever.

RESPONSE:  The complete contents of Defendant's file were provided with the Rule 26 Initial Disclosures on October 14, 2004.  The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

33. All documents given by Defendant routinely to all persons to whom it extends credit.

RESPONSE:  Objection.  Request is overly broad, unduly burdensome, not relevant and not likely to lead to relevant information, and relates solely to a claim dismissed by the Court.

34. All documents you may introduce into evidence in this case.

RESPONSE:  All identified documents were provided with the Rule 26 Initial Disclosures on October 14, 2004.  The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.  Additional documents will be provided as identified by the date of the pretrial conference.  Documents relied upon by Plaintiff may be introduced and are in the possession of Plaintiff.

35. All other documents relating or referring to the transaction or Plaintiff's account with you.

RESPONSE: All documents in Defendant's possession related to the commercial loan were provided with the Rule 26 Initial Disclosures on October 14, 2004. The documents may be examined in the office of Defendant's counsel and may be copied at the standard charge of $0.25 per page.

36. All documents referred to in the interrogatories and in the answers thereto and not previously produced.

RESPONSE: None.

                      PARKOWSKI, GUERKE & SWAYZE, P.A.

                /s/Michael W. Arrington (#3603)
By:  Michael W. Arrington, Esquire (#3603)
      800 King Street, Suite 203
      Wilmington, DE  19801
      (302) 654-3300
      *Attorneys for Defendant*

DATED: March 1, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES M. KAMARA,          )<br>                             )<br>      Plaintiff,          )<br>                             )<br>   v.                       )<br>                             )<br>MICHAEL FUNDING, LLC, a Limited Liability )<br>Company of the State of New York, )<br>                             )<br>      Defendant.           )<br>                             ) | C.A. No. 04-705 JJF |

## CERTIFICATE OF SERVICE

I, MICHAEL W. ARRINGTON, HEREBY CERTIFY that on this 1st day of March, A.D., 2006, a true and correct copy of the Defendant's Response to Plaintiff's Request for Production of Documents was served upon the opposing party by the following means:

**First Class Mail, Postage Prepaid**
James M. Kamara
PO Box 448
Smyrna, DE  19977

                              PARKOWSKI, GUERKE & SWAYZE, P.A.


                                  /s/Michael W. Arrington (#3603)
                       By:    Michael W. Arrington, Esquire (#3603)
                              800 King Street, Suite 203
                              Wilmington, DE  19801
                              (302) 654-3300
                              *Attorneys for Defendant*